STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ROBERT R. BLASI AND ROBERT R. BLASI T/A GOL-
CONDA CORPORATION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 27, 1973—Decided March 8, 1973.

Before Judges KOLOVSKY, MATTHEWS and CRAHAY.

Mr. *Howard C. Trueger,* attorney for appellant.

Mr. *George F. Kugler, Jr.,* Attorney General of New Jersey, attorney for respondent. (*Mr. Steven E. Pollan,* Deputy Attorney General, of counsel.)

PER CURIAM. The defendant was convicted by a jury of two counts of overdrawing checking accounts in violation of *N. J. S.* 2A:111–15. The first count involved a check in the amount of $2,050 issued by the defendant on March 23, 1970 payable to a paving company. It was uncontradicted that the check was delivered in partial payment of an outstanding debt owed by a contracting company in which the defendant was a one-half owner and secretary-treasurer. The check was dishonored for insufficient funds.

■ On this record the conviction on the first count of the indictment may not stand.

While the record clearly supports the finding that the defendant was aware that he had insufficient funds in the bank to cover the check and that he deliberately issued it, it is equally patent that the check represented payment against an antecedent debt. No facts were presented suggesting that Blasi obtained a present benefit in exchange for the check as for example, an extension of credit or relief from threatened legal action.

An essential element of the offense is that the person issuing the check do so ". . . with intent to defraud . . ." *N. J. S.* 2A:111–15.

In *State v. Turetsky,* 78 *N. J. Super.* 203 (App. Div. 1963) we find at 212:

. . . So, too, if the jury believed that this $1,000 check was delivered, either postdated or on the date appearing on its face, solely as payment on account of a larger past due obligation and no other consideration passed from the payee to the makers as a result of the delivery of the check, then the element of intent to defraud, essential to the proof of the statutory offense, would have been lacking and the

defendants would have been entitled to an acquittal. *State v. Riccardo*, 32 *N. J. Super.* 89, 94–95 (App. Div. 1954). As we said in Riccardo:

". . . while the mere fact that a check is given for a past consideration does not ipso facto negative the element of fraud, it is a controlling circumstance when no other element of fraud exists."

A check given for a past consideration might still be tainted with an intent to defraud, as where the maker of the check obtains an extension of credit or relief from threatened legal action. *State v. Riccardo, supra* at *p.* 94.

The check involved in the second count was issued by the defendant to the owner of a liquor store in the amount of $500. It bore the notation on its face that it was in payment on account of a check for $2,000 given to the same paving company.

The record reflects a clear factual dispute as to the purpose of this check. The defendant testified that it was given to the liquor store owner as an expression of good faith since the liquor store owner had cashed the prior check which had been dishonored. The payee denied this and specifically testified that upon receipt of the $500 check he cashed it giving the defendant approximately $400 and a quantity of liquor. The credibility issue between defendant and the payee was for the jury's consideration. *State v. Forcella,* 35 *N. J.* 168 (1961), cert. den. 369 *U. S.* 866, 82 S. Ct. 1035, 8 L. Ed. 2d 86 (1961).

Thus, as to the second count there was proof of new consideration for the check from which the jury could fairly find that the defendant knowingly issued it with intent to defraud.

The other points raised by the defendant are without merit.

The judgment of conviction on the first count of the indictment is reversed. The judgment on the second count is affirmed.